**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4400**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICHARD MCDONALD,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:10-cr-00090-IMK-JSK-1)

─────────────

Submitted:  January 29, 2013        Decided:  February 11, 2013

─────────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard McDonald of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count One), and distribution of cocaine base and/or cocaine hydrochloride during four controlled buys, in violation of 21 U.S.C. § 841(a)(1) (2006) (Counts Two through Five). The jury also returned a special verdict finding beyond a reasonable doubt that the conspiracy involved less than five grams of cocaine base. The district court sentenced McDonald to 121 months' imprisonment based on an equivalent drug weight of 1202.18 kilograms of marijuana established primarily by historical information provided by a Government witness, Tito Bell. On appeal, McDonald challenges Bell's credibility and the district court's drug-quantity determination. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). McDonald first argues that the district court erred when it calculated his Sentencing Guidelines range without giving substantial, if not controlling, weight, to the jury's determination that the conspiracy involved less than five grams of crack cocaine. However, his argument is foreclosed by United States v. Perry, 560 F.3d 246, 258-59 (4th Cir. 2009) (citing, among other cases, United States v. Watts, 519 U.S. 148, 155-56 (1997)).

Apart from the jury's drug-quantity finding, McDonald also challenges the district court's independent assessment of Bell's credibility, rendering its drug-quantity determination erroneous. We review the district court's drug-quantity findings for clear error. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011), cert. denied, 132 S. Ct. 1935 (2012). "[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court did not abuse its discretion by finding Bell to be a credible witness and relying on the historical weight information he provided. Moreover, we conclude that the explanation offered by the district court for its chosen sentence was sufficient for meaningful appellate review. See United States v. Bell, 667 F.3d 431, 444-48 (4th Cir. 2011).

Finally, McDonald asserts that the district court was obligated to sentence him at the low end of the potential drug quantities established by Bell's testimony. We have held that "a district court need not 'err,' on the side of caution or otherwise [in approximating drug quantity]; it must only determine that it was more likely than not that the defendant

3

was responsible for <u>at least</u> the drug quantity attributed to him." <u>United States v. Kiulin</u>, 360 F.3d 456, 461 (4th Cir. 2004). Here, the court found that Bell's credible estimates of the drug quantities he purchased from McDonald were typical of drug transactions involving middlemen. We therefore conclude that McDonald is not entitled to relief on this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>